

**FILED**
**Jan 21, 2025**
**11:34 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **KIHRIESHA IRBY,** | ) | **Docket No. 2024-80-4694** |
| **Employee,** | ) | |
| **v.** | ) | |
| **CLAIBORNE MANAGEMENT LLC,** | ) | **State File No. 42226-2024** |
| **Employer,** | ) | |
| **And** | ) | |
| **TECHNOLOGY INS. CO.,** | ) | **Judge Shaterra R. Marion** |
| **Carrier.** | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

The Court held an expedited hearing on January 13, 2025. Ms. Irby requested orthopedic treatment for a May 10, 2024 right shoulder and back injury. Claiborne argued that it rightfully denied her referral due to a pre-existing condition. The Court holds that Ms. Irby is entitled to the benefits recommended by her authorized treating physician.

## History of Claim

In 2021, while working in Mississippi, Ms. Irby suffered a right shoulder injury. An MRI and x-ray showed evidence of rotator cuff impingement and a possible SLAP tear. She received injections and underwent physical therapy before reaching maximum medical improvement with a 0% impairment rating in May 2022. After settling her claim, she returned to the doctor sometime in 2022 or 2023 with right shoulder pain, but she did not receive further treatment.

In April 2024, Ms. Irby was in a motor vehicle accident. She testified that the doctor diagnosed her with a back strain, but not a shoulder injury.[1] She said her doctor returned her to work on May 9, one day before her work injury.

---

[1] The parties did not submit medical records related to her motor vehicle accident.

Ms. Irby testified that on May 10, as she helped a patient get out of bed, the patient slipped and fell. The patient jerked Ms. Irby, and she felt a sharp pain go from her right shoulder down to her back. She said the sensation was similar to what she felt during her Mississippi work injury in 2021.

Ms. Irby began treatment with Care Now, after selecting them from a panel. The medical records note that she had a similar problem in the past, but a lifting incident at work caused this current onset. Care Now diagnosed her with a muscle strain, referred her to physical therapy, and ordered an MRI. The MRI did not show a rotator cuff or labral tear but noted the assessment was limited due to a lack of contrast.

Care Now discussed the importance of an orthopedic follow-up for Ms. Irby, referred her to Elite Orthopedics, and ordered an MRI with contrast. Claiborne denied the MRI and the direct orthopedic referral. Care Now put Ms. Irby on light duty, and Claiborne complied with those restrictions.

Claiborne's administrator, who testified, said she did not witness the injury but did not dispute it occurred. She said Ms. Irby could not do her initial light-duty assignment of feeding the residents because she could not lift her arm from shoulder pain.

## Findings of Fact and Conclusions of Law

### *Evidentiary Ruling*

Claiborne sought to introduce the first report of injury into evidence. Ms. Irby objected, stating the statute makes it inadmissible.

Tennessee Code Annotated section 50-3-702(a)(5) states that the first report shall not be used in any judicial proceeding.

Therefore, the first report of injury is not introduced as evidence. It is marked for identification purposes only as exhibit four.

### *Analysis and Decision*

Tennessee Code Annotated section 50-6-102(13) states that an aggravation of a preexisting condition is a compensable injury when "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." However, Ms. Irby need not prove each and every element of her claim by a preponderance of the evidence at an expedited hearing to receive medical benefits, but must present sufficient evidence from which the court can conclude that she is likely to prevail at a hearing on the merits. § 50-6-239(d)(1) (2024); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Ms. Irby testified that she did not injure her shoulder in the April car accident. Further, she said she had no shoulder pain and no difficulties performing her job duties before the 2024 work accident. Claiborne offered no evidence to dispute any of this testimony. Additionally, Claiborne's administrator testified that she does not dispute that the incident occurred.

Treatment recommended by an authorized treating physician "shall be presumed to be medically necessary for treatment of the injured employee." Tenn. Code Ann. § 50-6-204(a)(3)(H). Here, the authorized treating physician was aware of her earlier shoulder injury but noted the recent work injury caused her current onset. Further, they recommended an MRI with contrast and made a direct orthopedic referral.

Claiborne argued that the MRI taken after her injury showed no anatomical change since her 2021 injury. However, no medical testimony supports their assertion.

"Judges are not well-suited to make independent medical determinations without expert medical testimony supporting such a determination." *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018). "Likewise, parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments." *Id.*

Therefore, the Court holds that Ms. Irby is likely to prevail at a hearing on the merits, and she is entitled to reasonable and necessary medical treatment as recommended by the authorized treating physician.

*Attorney's Fees*

Ms. Irby requested attorney's fees for Claiborne's alleged wrongful denial. Claiborne pointed out that the dispute certification notice did not list attorney's fees as an issue.

Tennessee Code Annotated Section 50-6-203 requires a mediator to certify an issue before it can be heard before a workers' compensation judge.

Ms. Irby acknowledged the dispute certification notice did not contain attorney's fees as an issue, and that she did not file a motion to amend the dispute certification notice. The Court therefore denies the request for attorney's fees at this time.

**IT IS THEREFORE ORDERED** as follows:

1. Ms. Irby's request for reasonable and necessary medical treatment authorized by the authorized treating physician is granted.

2. Ms. Irby's request for attorney's fees is denied at this time.

3. The court sets **a status conference for March 31, 2025, 10:30 a.m. Central Time.** The parties must call **(866) 943-0014** to participate. Failure to call might result in a determination of the issues without the party's participation.

4. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions as to compliance, contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED January 21, 2025.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Work Status Reports for Ms. Irby
2. Medical Records
3. Email with Carrier's Acknowledgement of Notice
4. [For Identification Only] First Report of Injury
5. Ms. Irby's Choice of Physician Form
6. [For Identification Only] Transcript of Ms. Irby's Deposition
7. Worker's Compensation Packet for Ms. Irby's Mississippi Injury

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was sent as indicated on January 21, 2025.

| Name | Email | Service sent to: |
|---|---|---|
| Adam Brock-Dagnan, Employee's Attorney | X | adam.brockdagnan@forthepeople.com |
| Lauren Poole, Employer's Attorney | X | lmpoole@mijs.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*